### ADAMS, et al v. SEMON, et al.
No. 67-133.

Circuit Court, Dade County.

June 15 and October 16, 1967.

John D. Brion of Taylor, Brion, Buker, Hames & Greene, Miami, for plaintiffs.

A. C. Dressler, Miami, for defendants.

## JAMES LAWRENCE KING, Circuit Judge.

*Partial summary judgment and order narrowing issues, June 15, 1967:* The motions of the plaintiffs and defendants for summary judgment pursuant to Rule 1.510 of 1967 Florida Rules of Civil Procedure having been presented, and the court having heard argument of counsel for the respective parties and being fully advised, and it appearing to the court that chapter 712, Florida Statutes, known as the Marketable Record Title Act, is effective to extinguish all of the restrictions on the lots and parcels of land hereinafter described, and the court finding that there is no genuine issue as to any material fact relating to such lots and the court finding that chapter 712, Florida Statutes, is constitutional in all respects, it is thereupon ordered and adjudged as follows —

1. (a) That the plaintiffs' motion for summary judgment removing, cancelling and declaring unenforceable the restrictive covenants imposed by the various deeds described in the complaint is hereby granted as to the following described property located in Dade County, Florida —

> Lots 1, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 20, 23, 24, 25 and 26, Block 12, IRONS MANOR, FIFTH ADDITION, according to the Plat thereof, as recorded in Plat Book 22, at Page 38, of the Public Records of Dade County, Florida.

(b) That all of the restrictive covenants imposed against said lots by deeds from Irons Land and Development Co. to each of the following grantees are hereby declared to be unenforceable, void and of no further force and effect insofar as they apply to said lots —

| Conveyed to | Date of Deed | Recorded In |
| --- | --- | --- |
| Irons Manor Construction Co., a Florida corporation | 11/17/26 | Deed Book 1022, Page 433 |
| George A. Douglass and Anna L. Douglass, his wife | 6/22/26 | Deed Book 1070, Page 207 |
| Irons Manor Construction Co., a Florida corporation | 5/23/27 | Deed Book 1139, Page 141 |
| Arthur R. Robinson | 5/5/26 | Deed Book 971, Page 559 |
| Louis H. Strouse, Trustee for Albert Frank & Company | 7/17/26 | Deed Book 1285, Page 465 |

(c) That the title of the following plaintiffs in the following lots in block 12 of *Irons Manor, Fifth Addition,* according to the plat thereof, as recorded in plat book 22, at page 38, of the public records of Dade County, Florida, is hereby confirmed

and quieted in them, their heirs, administrators, executors and assigns, as owners forever freed and cleared of said restrictions —

| Name of Plaintiff-Owner | Lot Nos. |
|---|---|
| Verne L. Adams and Juliet H. Adams, his wife. | 1 |
| William Henry Woods and Grace Marie Woods, his wife. | 4 |
| John Traschiolou and Mary Taschioglou, his wife. | 5 |
| Thomas R. Peterson, Jr. and Eugenia I. Peterson, his wife. | 6 & 7 |
| Paul Dowell and Orean B. Dowell, his wife. | 8 |
| P. C. Gorman Properties, Inc., a Florida corporation. | 10, 11 & 13 |
| S. L. Skehan, formerly S. L. Smith joined by her husband, Edward J. Skehan. | 14 |
| Harold Walker Cunningham and Anne Drakeley Cunningham, his wife. | 20 |
| Bob Bernson and Edith J. Bernson, his wife. | 23 & 24 |
| Richard M. Winokur, as Ancillary Administrator, C.T.A., of the estate of Loretta Bellaire, deceased. | 25 & 26 |

(d) That the defendants, Marriett Semon, a widow; Robert E. Angstmann and Margaret H. Angstmann, his wife, William O. Wood and Bertha Jean Wood; Leonard Petrucelli and Grace A. Petrucelli, his wife; Sara E. Costello; Willard Jay Daniels and Emma Jane Daniels, his wife; Lee Morrison, a/k/a John N. Morrison, and Mary L. Morrison, his wife; Roland L. Wood and Gladys E. Wood, his wife; David A. Browne and Emma Lou Browne, his wife; Joseph Elman and Fannie Elman, his wife; individually and as representatives of property owners in blocks 1 to 42, inclusive, of *Irons Manor Subdivision* as a class, and each of them, are hereby perpetually enjoined and restrained from asserting, attempting to assert, or claiming any right to enforce said restrictive covenants or any of them upon said real property or against the owners thereof and by this decree title to said real property is hereby forever quieted against said defendants.

2. The court finds that chapter 712, Florida Statutes, has not operated to extinguish the restrictive covenants on the following described lots located in Dade County, Florida —

Lots 2, 3, 12, 15, 16, 17, 18, 19, 21, 22, 27 and 28, Block 12, IRONS MANOR, FIFTH ADDITION, according to the Plat thereof, as recorded in Plat Book 22, at Page 38, of the Public Records of Dade County, Florida,

and the plaintiffs' motion for summary judgment as to them be and the same is hereby denied.

3. That the defendants' motion for summary judgment attacking the constitutionality of chapter 712, Florida Statutes, be and the same is hereby denied and the court finds that said chapter 712, Florida Statutes, is constitutional in all respects.

4. That pursuant to Rule 1.510, subparagraph (d), of 1967 Florida Rules of Civil Procedure, the court finds that the only remaining issues to be tried in this cause are whether the restrictions imposed as to the lots described in paragraph 2 hereof have been extinguished by change in the conditions of the neighborhood of said lots which render the enforcement of the restrictions unreasonable, unjust and inequitable as alleged in the complaint and denied in the answer and the court hereby limits the trial and hearing to such issues.

*Final judgment quieting title, October 16, 1967:* This cause coming on to be tried before me upon final hearing, and the court having heard the evidence presented and argument of counsel for the respective parties, and taken into consideration the partial summary judgment entered herein on June 15, 1967, and it appearing to the court and the court finding that chapter 712, Florida Statutes, known as the Marketable Record Title Act, has effectively extinguished all of the restrictions on the lots and parcels of land in Block 12, *Irons Manor, Fifth Addition,* according to the plat thereof, as recorded in plat book 22, page 38, of the public records of Dade County, Florida, except lot 27 thereof, and it further appearing to the court and the court finding that said lot 27 is surrounded on four sides by property that is zoned for business purposes, and by the effect of said act, said lot 27 would also abut lots which would no longer be subject to the restrictions against business use, and that as to said lot 27 the continuation of the restrictions originally imposed in *Irons Manor Subdivision* would be of no benefit to the defendants in this cause or any of them, and that the original purpose and intention of the restrictive covenants cannot be carried out as to lot 27, and the court being otherwise fully advised in the premises.

It is thereupon ordered and adjudged as follows —

1. That the equities of this cause are with the plaintiffs and against the defendants.

2. (a) That all of the restrictive covenants imposed by the various deeds described in the complaint are hereby removed,

cancelled, and declared unenforceable against the following described property located in Dade County, Florida, to-wit —

> Lots 2, 3, 12, 15, 16, 17, 18, 19, 21, 22, 27 and 28, Block 12, IRONS MANOR, FIFTH ADDITION, according to the plat thereof, as recorded in Plat Book 22, Page 38, of the Public Records of Dade County, Florida.

2. (b) That all of the restrictive covenants imposed against said lots by deeds to each of the following grantees are hereby declared to be unenforceable, void, and of no further force and effect insofar as they apply to said lots —

| Grantee | Date of Deed | Recorded In |
|---|---|---|
| Irons Manor Construction Co., a Florida corporation | 11/17/26 | Deed Book 1022, Page 433 |
| George A. Douglas and Anna L. Douglass, his wife | 6/22/26 | Deed Book 1070, Page 207 |
| Irons Manor Construction Co., a Florida corporation | 5/23/27 | Deed Book 1139, Page 141 |
| Fred Metz | 9/24/25 | Deed Book 818, Page 45 |
| F. E. Sweeting, Inc., a Florida corporation | 5/20/26 | Deed Book 961, Page 157 |
| The Wemack Realty Company, a Florida corporation | 6/19/26 | Deed Book 975, Page 452 |

2. (c) That the title of the following plaintiffs in the following lots in block 12, *Irons Manor, Fifth Addition,* according to the plat thereof, as recorded in plat book 22, page 38, of the public records of Dade County, Florida, is hereby confirmed and quieted in them, their heirs, administrators, executors and assigns, as owners forever freed and cleared of said restrictions —

| Name of Plaintiff-Owner | Lot No. |
|---|---|
| Juliet H. Adams, a widow | 2 |
| Ruth V. Mack | 3 |
| P. C. Gorman Properties, a Florida corporation | 12, 15, 16, 17 18, and 19 |
| Harold Walker Cunningham and Anne Drakely Cunningham, his wife | West ½ of 21, all of 27 |
| Bob Bernson and Edith J. Berson, his wife | East ½ of 21, all of 22 |
| Domenick Maffie and Delores Maffie, his wife, and Hazel Wenger | 28 |

2. (d) That the defendants, Harriett Semon, a widow, Robert E. Angstmann and Margaret H. Angstmann, his wife, William O. Wood and Bertha Jean Wood; Leonard Petrucelli and Grace A. Petrucelli, his wife; Sara E. Costrello; Willard Jay Daniels and Emma Jane Daniels, his wife; Lee Morrison, also known as John N. Morrison, and Mary L. Morrison, his wife, Roland L. Wood and Gladys E. Wood, his wife; David A.

Browne and Emma Lou Browne, his wife; Joseph Elman and Fannie Elman, his wife; individually and as representatives of property owners in blocks 1 to 42, inclusive, of *Irons Manor Subdivision* as a class, and each of them, are hereby perpetually enjoined and restrained from asserting, attempting to assert, or claiming any right to enforce said restrictive covenants or any of them upon said real property or against the owners thereof and by this judgment title to said real property is hereby forever quieted against said defendants.

3. That it is the intent and judgment of this court that by this final judgment and the partial summary judgment entered herein on June 15, 1967, the restrictive covenants imposed by the several deeds described in this final judgment and in the partial summary judgment and the complaint herein, copies of which restrictions are attached to the complaint, are hereby removed, cancelled, and declared unenforceable as to all the lots in block 12 of *Irons Manor, Fifth Addition,* according to the plat thereof, as recorded in plat book 22, page 38, of the public records of Dade County, Florida.